UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORIANNE MIHELIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Action, File Civil Number _____ |
| ) | COMPLAINT |
| WILL COUNTY, ILLINOIS, THE WILL ) | |
| COUNTY SHERIFF, THE WILL ) | |
| COUNTY SHERIFFS POLICE, JOHN ) | |
| DOE DEPUTY SHERIFFS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff alleges:

1. Plaintiffs a resident of unincorporated Will County, Illinois , and resides at 19321 Oak Street, Mokena Will County, Illinois.

2. Defendant, is a municipal corporation, organized and existing under the laws of the State of Illinois.

3. Defendant, Will County, Illinois is responsible for the creation, organization, regulating, and funding of the Will County, SHERIFFS Police.

4. The Will County Sherif is responsible for the organizing, regulating, leading, staffing and training of the Will County SHERIFFS Police.

5. The Will County SHERIFFS Police are responsible for working as a unified, organized, well trained, disciplined and law abiding police organization.

6. The John Doe, Deputy sheriffs that were involved in the raid of Plaintiffs home on February 11, 2009, at 10321 Oak Street Mokena, Illinois were responsible for carrying out their responsibilities as law enforcement officers, in a professional, well trained, disciplined , courteous, and law abiding manner. At all times mentioned in this complaint, they were acting under color of law and color of their authority as law enforcement officers of Defendant County, Illinois. The John Doe, Defendants are sued in this capacity because their names and rank and star numbers are not known at this time.

7. Defendant, Sheriff in all times mentioned in this complaint was acting under of law and color of his authority as Sheriff of Will County, Illinois.

8. The Defendant, Sheriff of Will County, is responsible for the acts of the Deputy Sheriffs of Will County while in the performance of their duties as Deputy Sheriffs of the County of Will. Defendant Sheriff, as Sheriff of Will County, is also responsible for the ongoing training of the Deputy Sheriffs of Will County, Illinois, to ensure that those officers are competent to carry out their assigned duties.

9. Each of the individually named Defendants are sued individually and in their official capacities.

10. This action is brought pursuant to 42 U.S.C. para. 1083 and 42 U.S.C. para. 1988. Jurisdiction is founded upon 28 U.S.C. para. 1331 and 28 U.S.C. para 1343. Pendant and supplemental jurisdiction is invoked for this Court to decide claims that may arise under State law.

11. Venue is properly brought in the Northern District of Illinois pursuant to 28

U.S.C. para.1391(b).

12.  On February 11, 2009 at approximately 11:00 a.m. a search warrant was issued by the Circuit Court of the Twelfth Judicial Circuit, in Will County ,authorizing Defendant Deputy Sheriffs to search the premises at 19321 Oak Street Mokena, Illinois, for the purpose of searching the above named residence.

13.  On February 11, 2009 at approximately 7:30 p.m. the search warrant was negligently and wrongfully executed at Plaintiffs residence located at 19321 Oak Street in Mokena, Illinois, in that the search warrant was issued to search the person and residence of Robert Murray. A Robert Murray was coincidently at Plaintiff, Lorianne Mihelic's residence at the time in which this wrongfully served warrant was served. However, Robert Murray has never lived at the Plaintiff's residence at 19321 Oak Street in Mokena, Illinois. Murray at the time in which the warrant was served, lived in Plainfield Illinois.

14.  Although Defendant, JOHN DOE Sheriffs Deputies were in uniform, none of them stated their names, or gave any reason for their actions before instituting the entry into and search of Plaintiff's residence.  The entry into and search of plaintiffs residence was conducted without the presentation of a search warrant authorizing Defendant, Deputy Sheriffs to enter and search Plaintiff's residence. It wasn't until just before the Deputy Sheriffs left Plaintiff's residence did they show Plaintiff a copy of the search warrant, which in the four corners of the document, it lists Robert Murray, a person who does not live at the address served.

15.  During this wrongful search the Defendant Sheriffs Deputy's were pointing loaded weapons at all seven persons who were present at the time of the search, including an 8

month baby.

16. The Plaintiff, Lorianne Mihelic was ordered by the deputies to lie down on the floor in the hallway of her home, while the other people who were at her house were taken to the living room. Plaintiff was then handcuffed, and then picked up by deputies. After Plaintiff was picked up, she was handcuffed and patted down. After that a Deputy unzipped her shirt. Plaintiff had nothing on under her shirt, not even a bra. The Plaintiff's shirt was left open for about 6 ½ minutes, until two of the people that were at her house, Jillian Grannon and Laurin Felkamp yelled out "What are you doing to her". It wasn't until then that a Deputy Sheriff zipped up Plaintiff's shirt.

17. Money was taken from Plaintiff, no receipt was given and the money was never returned.

18. Plaintiff asked that her 15 year old dog be taken somewhere away from all of the activity and confusion as the elderly dog easily scares and shakes, a Deputy responded that "They could Shoot the dam dog".

19. One Deputy said "what is everyone doing it with your daughter in every room in the house". The Deputy meant Lauren Felkamp(age 17).

20. During the search many things were broken, Plaintiff's entertainment center was destroyed , the front of her big screen TV was broken out, her bed frame was broken, empty bottles of liquor were smashed for no apparent reason.

21. They threw things contained in drawers all over the house and her curtain rod was pulled off.

22. Plaintiff was told that they would be back in a couple of months and that in the future raids she would lose her house.

23. The Sheriff's Deputies finally left without offering an apology.

24. As a result of the negligent and wrongful assault, invasion of privacy, and destruction of Plaintiff's property described above, Plaintiff has lost sleep, become apprehensive, has generally lost her peace of mind, has suffered, and continues to suffer, undue mental anguish as a result of the above described events.

25. Plaintiff is currently undergoing professional treatment for the psychological injures resulting from the assault and invasion of Plaintiff's privacy alleged above. Plaintiffs informed and believes and based on that information and belief alleges, that Plaintiff will require additional treatment for an undetermined period of time into the future as a result of the assault and invasion of privacy alleged above.

26. The Defendant, Will County, Illinois was negligent in their hiring, supervising, disciplining , and overseeing The Sheriff of Will County, and the Will County Deputy Sheriffs involved in the actions described above.

27. The Will County Deputy Sheriffs involved in the instant case were negligent in not making sure that the warrant served in the instant case was to be served on the correct person and for the correct address. They were also negligent in not acting in a disciplined, well trained, courteous, and lawful manner.

28. Defendant sheriff was negligent in training Defendant, Deputy Sheriff's police and as a result of that negligence the matters alleged above occurred.

29. As a result of the matters alleged above, Plaintiff has been damaged by a sum in excess of $100,000.00.

30. On 2/11/209 and pursuant to statute, Plaintiff presented to the Will County Sheriff a claim for the damages sustained by Plaintiff as a result of the matters alleged above. A copy of that claim is attached to this complaint, marked exhibit number one and incorporated by reference.

31. On 7/1/2009 The Will County Sheriff denied Plaintiff's claim in it's entirety. A copy of the notice informing Plaintiff that the claim was denied is attached to this complaint marked exhibit two, and incorporated by reference .

WHEREFORE the Plaintiff requests judgment against Defendants, and each of them, for the following:

1. General damages according to proof,
2. Damages for past ,current, and future medical treatment that resulted from this incident, Also damages for the destruction of her home and her personal property.
3. Interest according to law,
4. Costs of this action, and
5. Such other and further relief as this court deems just and proper.

/s/ Richard J. Cosentino
Richard J. Cosentino & Associates
11223 Distinctive Drive
Orland Park, IL 60467